IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STAMAR RICHARD MILLER,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-2738 |
| | : | |
| **TERRANCE BROADDAS,** *et al.*, | : | |
| Defendants. | : | |

### MEMORANDUM

**YOUNGE, J.**                                                                                                          **JULY 28, 2022**

Stamar Richard Miller, a detainee in custody at George W. Hill Correctional Facility ("GWHCF"), has filed this civil rights action along with a Motion to Proceed *In Forma Pauperis*. Named as Defendants are Chester Police Officer Terrence Broaddas and Tinicum Township Police Officer B. Boerger. For the following reasons, the Motion to Proceed *In Forma Pauperis* will be granted and the Complaint will be stayed due to *Younger* abstention.

**I.      FACTUAL ALLEGATIONS**

Miller alleges that between May 17 and May 18, 2020, he was arrested by Officer Boerger. (Compl. (ECF No. 2) at 3-4.)[1] Officer Broaddas witnessed the event. (*Id*. at 4, 5-6.) It appears that Miller asserts he was taken to the Chester Police Department and then "illegally release[d] from Chester Police officer custody" and taken to Tinicum Township. (*Id*.) After his release from Tinicum, he had to walk back to Chester. (*Id*.) When he returned, he was arrested again by Broaddas, who "conducted a shady search to seize evidence to charge and arrest me." (*Id*.) Broaddas allegedly said he saw Miller visibly smoking a crack pipe. (*Id*. at 4.) Miller alleges that Broaddas testified at a preliminary hearing in Miller's criminal case that he

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

witnessed Miller smoke the pipe, recognized Miller from prior encounters with him and, when Miller tried to put the pipe in his pocket and walk away, he called his name. (*Id*.) Broaddas allegedly testified that Miller started to walk in the opposite direction. (*Id*.) Miller asserts as claims that his due process and search and seizure rights were violated, he was falsely imprisoned, wrongfully arrested due to a "fabricating story," and was defamed. (*Id*. at 6.) He seeks money damages. (*Id*.)

A review of publicly available records indicates that Miller was arrested on May 18, 2020 by Tinicum Township Police on indecent deviate sexual intercourse, sexual assault, burglary, kidnapping, unlawful restraint, and related charges. *See Commonwealth v. Miller*, CP-23-CR-459-2021 (C.P. Delaware). The charges remain pending. Miller was also arrested by Chester Police on May 18, 2020 on charges of possession of drug paraphernalia and controlled substances, public drunkenness, disorderly conduct, and resisting arrest. *See Commonwealth v. Miller*, MJ-32121-CR-168-2020. After an arraignment on May 18, and preliminary hearings on June 2, June 9, July 7, and July 8, 2020, those charges were held for court. Defendant Broaddas, whose name is spelled "Broaddus" on the state court docket, is listed as the arresting officer.

## II.   STANDARD OF REVIEW

Miller is granted leave to proceed *in forma pauperis*.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether

---

[2] Because Miller is a prisoner, he will be required to pay the filing fee in full in installments pursuant to the Prison Litigation Reform Act.

the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Miller is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

Miller alleges that Defendants Broaddas and Boerger violated his due process and search and seizure rights when they falsely arrested and falsely imprisoned him based on a fabricated story.[3] The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and

---

[3] While Miller mentions the due process clause of the Fourteenth Amendment, since the Fourth Amendment provides an explicit textual source for his false arrest, false imprisonment and search and seizure claims, the claims will be analyzed under that more specific provision. *See generally Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." (internal quotations omitted)); *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 260 (3d Cir. 2010) (discussing the "more-specific-provision rule" pursuant to which claims should be analyzed under the standards relevant to the more specific provision of the Constitution under which that claim falls, rather than under the Due Process Clause as a catch all).

must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

"False arrest and false imprisonment are 'nearly identical claims' that are 'generally analyzed together.'" *Karkut v. Target Corp.,* 453 F. Supp. 2d 874, 879 (E.D. Pa. 2006) (quoting *Brockington v. Phila.,* 354 F. Supp. 2d 563, 570 n. 8 (E.D. Pa. 2005) (citation omitted)). "Specifically, false arrest is one made 'without probable cause.'" *Id*; *Groman v. Twp. of Manalapan,* 47 F.3d 628, 634 (3d Cir. 1995) ("'The proper inquiry in a section 1983 claim based on false arrest . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense.'") (quoting *Dowling v. City of Phila.,* 855 F.2d 136, 141 (3d Cir. 1988)). "The elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention, where such detention is unlawful if it is the consequence of a false arrest." *Id.* (citation omitted). "Probable cause exists when 'the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed.'" *Stetser v. Jinks,* 572 F. App'x 85, 87 (3d Cir. 2014) (quoting *United States v. Cruz,* 910 F.2d 1072, 1076 (3d Cir. 1990) (citing *Dunaway v. New York,* 442 U.S. 200, 208 n. 9 (1979))). "When officers have probable cause to believe that a person has committed a crime in their presence, the Fourth Amendment permits them to make an arrest. . . ." *Virginia v. Moore*, 553 U.S. 164, 178 (2008). Finally, the elements of a § 1983 claim for unreasonable search and seizure are (1) the actions of the police officers constituted a search or seizure within the meaning of the Fourth Amendment; and (2) the actions were unreasonable in light of the surrounding circumstances. *Brower v. Cty. of Inyo*, 489 U.S. 593, 597-99 (1989).

Because Miller's claims are intertwined with his pending state court criminal charges, the claims are not properly brought at this time. Under the doctrine of abstention developed in *Younger v. Harris*, 401 U.S. 37 (1971), there is "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). The specific elements of *Younger* abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). All three *Younger* criteria are met in the allegations regarding Miller's false arrest, false imprisonment, and illegal search claims. First, his claims concern the separate pending criminal case. Second, based upon the fact that he is attempting to raise issues concerning the Defendants' probable cause to make his arrests and the reasonableness of their search, the proceeding clearly implicates important state interests. Third, the state criminal forum affords Miller an adequate opportunity to raise his federal law issues, including his key claim that he was arrested on both occasions without probable cause and the search was unreasonable. Accordingly, the Court concludes that Miller's claim against the police officers implicates the doctrine of abstention promulgated in *Younger*. Therefore, the Court must abstain

from these claims, which will be stayed.[4]

An appropriate order follows.

BY THE COURT:


/s/ *John Milton Younge*
**JOHN MILTON YOUNGE, J.**

---

[4] *See Williams v. Hepting*, 844 F.2d 138, 144 (3d Cir. 1988) (stating that because claims subject to *Younger* abstention are under consideration in ongoing state proceedings, they should be stayed rather than dismissed without prejudice).